**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY NOLEN,** | ) | |
|     **Plaintiff/Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0089-WS-B** |
| | ) | |
| **FRIT-CAR, INC.,** | ) | |
|     **Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BLUECROSS BLUESHIELD OF** | ) | |
| **ALABAMA,** *et al.***,** | ) | |
|     **Third-Party Defendants.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff/third-party plaintiff Larry Nolen's Response to the Court's Order (doc. 6).

On February 13, 2008, third-party defendant BlueCross BlueShield of Alabama filed a Notice of Removal (doc. 1) removing this entire worker's compensation action to this District Court from the Circuit Court of Escambia County, Alabama. As grounds for so doing, BlueCross stated that it had recently been added as a third-party defendant in the worker's compensation proceedings, and that Nolen's claims against it were removable because they were completely preempted by ERISA. However, at no time has Nolen formally stated its causes of action against BlueCross. Instead, the only pleading reflecting Nolen's claims against Blue Cross is a document styled "Joinder of Parties Needed for Just Adjudication" that merely provides BlueCross's name and address, and lists it as a necessary party, without enumerating any particular claims or causes of action.[1] There has been no third-party complaint filed, and

---

[1] Also listed in that document as a party needed for just adjudication is CMS COB Contractor (Cahaba GBA LLC Medicare - Part B); thus, Cahaba is also a third-party defendant in these proceedings. Cahaba did not participate in the removal process, and has not otherwise appeared or defended itself in this action to date.

BlueCross has never filed an answer or other responsive pleading.  Because both Federal Rules of Civil Procedure and Alabama Rules of Civil Procedure provide that third-party practice requires a third-party complaint, and because the nature and scope of claims asserted by Nolen against BlueCross cannot be discerned at this time, the Court entered an Order (doc. 4) on March 17, 2008 that, *inter alia*, directed Nolen to file a third-party complaint delineating his claims against BlueCross and Cahaba.

In response to the March 17 Order, Nolen "seeks the permission of the Court to dismiss its Joinder of Parties Motion in lieu of delineating its claims as ordered by the Court."  (Doc. 6, ¶ 2.)  According to Nolen, the joinder of BlueCross and Cahaba "was in error" because "Plaintiff has no claims against Blue Cross and Cahaba."  (*Id.*, ¶ 3.)  Under the Federal Rules of Civil Procedure, Nolen does not require leave of this Court to dismiss or withdraw his third-party claims at this time.  The Rules provide that "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading."  Rule 15(a)(1)(A), Fed.R.Civ.P.  The court file is clear that BlueCross and Cahaba have never filed a responsive pleading to the third-party claims; indeed, it could be persuasively argued that Nolen has never filed a "pleading" stating claims against BlueCross and Cahaba at all.  In any event, it is pellucidly clear that Nolen has the right to amend his third-party claims against BlueCross and Cahaba as a matter of course at this time.  As Nolen wishes his amendment to take the form of a withdrawal of those claims in their entirety, he may do so without judicial approval.  This conclusion is reinforced by Rule 41(a)(1)(A), Fed.R.Civ.P., which affords a party an unfettered right to dismiss claims without court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment.  Neither BlueCross nor Cahaba has answered or filed a motion for summary judgment in this case; therefore, Nolen has an absolute right to voluntarily dismiss those claims against those entities at present.  His Response (doc. 6) reflects his intent to exercise that right at this time.

In light of the foregoing, and pursuant to Nolen's clearly expressed intent to withdraw any third-party claims asserted against BlueCross and Cahaba in these proceedings, all third-party claims against BlueCross and Cahaba are hereby **dismissed without prejudice**.  The Clerk of Court is directed to terminate both Blue Cross and Cahaba as parties to this litigation.

The third-party claims having thus been disposed of, the only remaining claims are

Nolen's workers' compensation claims against defendant Frit-Car, Inc.  Those causes of action are subject to the exclusive jurisdiction of Alabama state courts, are not removable, and this Court is not empowered to hear them in removal proceedings.  *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State ***may not be removed to any district court*** of the United States.") (emphasis added); *Fitzgerald v. Bestway Services, Inc.*, 284 F. Supp.2d 1311, 1313 (N.D. Ala. 2003) (plaintiff's workers' compensation claim improperly removed by operation of § 1445(c)); *Ryder Services Corp. v. Savage*, 945 F. Supp. 232, 233-35 (N.D. Ala. 1996) (observing that Alabama's workers' compensation scheme confers exclusive jurisdiction on Alabama state courts to hear such matters).  Because it is quite plain that BlueCross's removal of Nolen's claims against Frit-Car was improper, and because both Nolen and Frit-Car have requested that this action be remanded to state court, the Court will not exercise jurisdiction over these remaining causes of action, but will instead **remand** this action to the Circuit Court of Escambia County, Alabama, for further proceedings.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Plaintiff's third-party claims against third-party defendants BlueCross BlueShield of Alabama and Cahaba GBA LLC Medicare - Part B are **dismissed without prejudice** pursuant to Rule 41(a)(1)(A), Fed.R.Civ.P.  Blue Cross and Cahaba are **terminated** as parties to this litigation.

2. The Motions to Remand (docs. 2, 7) are **granted** pursuant to 28 U.S.C. §§ 1445(c) and 1447(c).  All remaining claims as between Nolen and Frit-Car are **remanded** to the Circuit Court of Escambia County, Alabama, for further proceedings.  Given the absence of federal jurisdiction over the workers' compensation proceedings, the Court expresses no opinion as to Frit-Car's contention (which plaintiff contests) that the claims against it are due to be dismissed.

DONE and ORDERED this 24th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-3-